# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ANGELA NAILS, )
)
        Plaintiff, )
)
v. )               CV422-110
)
DONNA LONG DAVIS, )
)
        Defendant. )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Angela Nails, appearing *pro se*, has filed a Complaint about her neighbor's wandering "vicious dog." Doc. 1 at 1. She also seeks to proceed *in forma pauperis* ("IFP"). Doc. 2. It appears from her application that she lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** her leave to proceed IFP. Doc. 2. However, a review of her Complaint reveals that it is frivolous and fails to state a claim, and therefore it should be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017).[1] As this is just the latest in a string of frivolous cases filed by

---

[1] Nails has unilaterally filed a Rule 26(f) report. Doc. 6. Federal Rule of Civil Procedure 26(f) requires the parties to confer on a discovery schedule and submit a written report of their agreement to the Court. Fed. R. Civ. P. 26(f). Such report, therefore, cannot be submitted without the involvement of all parties. Nails' filing,

Nails, it is also **RECOMMENDED** that filing restrictions be imposed to protect the Court against her abusive filing practices.

## I.   BACKGROUND

Nails is upset with her neighbor over a "vicious dog" that is permitted to roam around the neighborhood without a leash.  Doc. 1 at 1. She claims she requires mental health treatment because of "more than four and five bad situations" with the dog, including an incident when the dog growled at her while she emptied her trash.  *Id.* at 2.   Notably, she never alleges that the dog bit her.  She wants $500,000 for her troubles.  *Id.*  Because the Court clearly lacks subject-matter jurisdiction over this dispute between neighbors, the case should be dismissed.

## II.   ANALYSIS

Plaintiff is already aware that this Court must have subject-matter jurisdiction to consider her claims.  *See, e.g., Nails v. Hilliard*, CV421-364, doc. 6 at 2-5 (S.D. Ga. Feb. 10, 2022) (explaining the requirements of subject matter jurisdiction).  As the Court has exhaustively explained to her, "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v.*

---

in addition to being incomplete, is not signed by a representative of defendant.  *See* doc. 6 at 6.  In fact, all of the responses are presented as only the position of plaintiff. *See id.* at 2–6.      Therefore,   the   Clerk   of   Court   is   **DIRECTED**   to **ADMINISTRATIVELY TERMINATE** the unilateral Rule 26(f) Report.  Doc. 6.

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  She has not carried her burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims.  Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

The Court does not have jurisdiction because Nails has not established a federal question, 28 U.S.C. § 1331, or diversity of the parties, 28 U.S.C. § 1441(b).  She vaguely argues that her claim is based on "a right of the Plaintiff Constitutional rights under the Justice and general welfare" and therefore "under the court['s] jurisdiction."  Doc. 1 at 1.  Presumably recognizing that she needs a stronger jurisdictional

hook, she also alleges that she "lives in Florida" while "the Defendant she lives in Georgia," in an apparent effort to plead diversity jurisdiction. *Id.* None of her efforts to establish jurisdiction are successful.

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Plaintiff has pointed to no federal statute or Constitutional provision that creates a cause of action in this case. She identifies what she refers to as a "Federal Rule," *see* doc. 1 at 1, but then appears to cite to Georgia state law regarding dog ownership. *Compare id.* (citing "Federal Rule 4-8-21(b)"), *with* O.C.G.A. § 4-8-21 (defining, *inter alia*, "vicious dog"). Even adopting a liberal reading of her Complaint, the Court cannot discern any federal statute that might be invoked by the alleged facts. *Cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers (internal quotations omitted)).  Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

She also affirmatively alleges facts inconsistent with diversity jurisdiction.  28 U.S.C. § 1332.  Diversity jurisdiction requires all parties to be citizens of different states and the amount in controversy to exceed $75,000.  28 U.S.C. § 1332(a).  Typically, the Court will accept a damage claim offered by a party in good faith.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").  In this case, the Court cannot accept that Nails' demand, for $500,000 in damages for encountering a dog, without any allegation of physical injury, is made in good faith.  *See id.* at 289 (When considering whether a purported damages amount is made in good faith, the Court must determine to "legal certainty that the claim is really for less than the jurisdictional amount.").  In is hard to imagine a scenario in which the damages in this case might even approach the minimum statutory threshold of $75,000.

Regardless of the damages sought, Nails has not alleged complete diversity of the parties. She states that she lives in Florida, but within the same pleading alleges that she lives next door to the Defendant in Georgia. *See* doc. 1 at 3 (alleging that the Defendant, a citizen of Georgia, "lives next door to the Plaintiff"); *see also id.* at 4 (identifying a Savannah, Georgia address for Nails); doc. 1-1 at 1 (same).[2] Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). Since Nails and the named defendant are both citizens of Georgia, she cannot establish this Court's diversity jurisdiction.

By now, Nails should be all too familiar with the parameters of this Court's jurisdiction. Including this one, Nails has filed eleven cases in this Court since November 2020. *See Nails v. Doing Bus. as Nails*, MC420-009 (S.D. Ga. Nov. 3, 2020); *Nails v. City Chatham Cnty. Tax Comm'n*, CV421-032 (S.D. Ga. Feb. 3, 2021); *Nails v. Chatham Cnty. Tax*

---

[2] Not only is this inconsistency fatal to Nails' efforts to plead diversity jurisdiction, but also, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

*Comm'n*, CV421-033 (S.D. Ga. Feb. 3, 2021); *Nails v. Savannah Plastic Surgery, et al.*, CV421-153 (S.D. Ga. May 14, 2021); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. May 19, 2021); *Nails v. Hilliard*, CV421-364 (S.D. Ga. Dec. 27, 2021); *Nails v. St. Joseph Candler Hosp.*, CV422-077 (S.D. Ga. Apr. 4, 2022); *Nails v. Leeds Gate Townhouse Ass'n*, CV422-078 (S.D. Ga. Apr. 4, 2022); *Nails v. City of Savannah*, CV422-098 (S.D. Ga. Apr. 15, 2022); *Nails v. FNU LNU*, CV422-103 (S.D. Ga. Apr. 18, 2022). Three of her cases have already been dismissed for the same reason this claim is faulty—her failure to allege a basis for this Court's jurisdiction. *See Nails v. City Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing complaint for failure to establish jurisdiction); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing Plaintiff's complaint for failure to establish jurisdiction); *Nails v. FNU LNU*, CV422-103, doc. 13 at 3 (S.D. Ga. May 2, 2022) (dismissing case after finding that Nails did not provide a "sufficient, non-frivolous basis" for the Court to exercise subject matter jurisdiction). She has been warned in others. *See Nails v. Savannah Plastic Surgery*, CV421-153, doc. 6 at

1-5 (S.D. Ga. May 21, 2021) (explaining the requirements of subject matter jurisdiction); *Nails v. Hilliard*, CV421-364, doc. 6 at 2-5 (S.D. Ga. Feb. 10, 2022) (same). Others have been dismissed on grounds that indicate Nails' general disregard for the Orders and rules of this Court. *See Nails v. Doing Business as Nails*, MC420-009 (S.D. Ga. Nov. 5, 2020) *adopted* (S.D. Ga. Nov. 24, 2020) (denying IFP motion and dismissing case for submitting application demonstrating sufficient assets to pay filing fee); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. Aug. 26, 2021) *adopted* (S.D. Ga. Sept. 13, 2021) (dismissing case for failure to comply with the Court's instructions).

This is not the only United States District Court to face Nails' barrage of improperly filed cases.[3] The Eastern District of Michigan has imposed filing restrictions "prohibiting Angela Nails from filing any further actions in [that Court] unless she first obtains the written permission of a judge in [the] district." *Nails v. City of Dearborn*, 2022 WL 1194057, at *1 (E.D. Mich. Apr. 21, 2022). The Middle District of Alabama recognized Angela Denise Nails' filings as "a clear abuse of the

---

[3] To the extent Nails contends that these cases are related to another litigant also bearing the name "Angela Denise Nails," she is free to raise the issue during the fourteen-day period for objections discussed below.

legal process." *Nails v. Ultimate Business Solutions*, 2007 WL 98718, at

*1 n.1 (M.D. Ala. Jan. 11, 2007).  That is not surprising, as a search on

that Court's docket reveals sixty-six cases filed by "Angela Nails."

    As the above-described litigation history shows, Nails has now set

this Court as her target.  She appears to file a federal lawsuit at the

slightest inconvenience.  *See, e.g.*, *Nails v. Leeds Gate Townhouse Ass'n,*

*LLC*, CV422-078, doc. 1 at 1 (S.D. Ga. Apr. 4, 2022) (suing homeowners'

association because dogs are permitted to roam in the neighborhood,

neighbors play loud music, trash is thrown over her fence, and teens visit

the neighborhood); *Nails v. St. Joseph Candler Hospital*, CV422-077, doc.

1 at 1-3 (S.D. Ga. Apr. 4, 2022) (suing hospital over interaction with lab

employees where employees told her the lab was closed and would not

retrieve her lab results); *Nails v. City of Savannah*, CV422-098, doc. 1 at

1 (S.D. Ga. Apr. 15, 2022) (suing city, police department, and police officer

for not adequately recording Plaintiff's complaint that she had been

called names in public and suffered bruising while donating plasma).

This pattern is consistent with her filings in other districts.  *See Nails,*

2007 WL 98718, at *1 n. 1 ("She seems to be suing everyone with whom

she has a dispute, no matter how minor, and asking for exorbitant sums

in damages."). As the District Judge warned her in another case, "the Court will not hesitate to impose sanctions . . . including filing restrictions, if it believes such action is necessary to protect against the time-consuming task of dealing with abusive filings." CV422-103, doc. 6 at 2, n.2 (S.D. Ga. April 19, 2022).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986). IFP litigants, like Nails, pose special risks because:

> paupers filing pro se petitions are not subject to the financial considerations — filing fees and attorney's fees — that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184 (1989); *see also Procup*, 792 F.2d at 1072 ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge."). Nails' filings demonstrate her failure to obey Court orders telling her

10

what she must do and show an abuse of the IFP privilege and, ultimately, the public. *Cf. Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (prolific frivolous filings drain judicial resources that would otherwise serve litigants with meritorious matters before courts).

The time has come for this Court to protect itself from Nails' disregard of its rules and orders. Therefore, the Court **RECOMMENDS** that the following sanctions be imposed in all pending and future civil cases filed by Plaintiff Angela Nails in this district:

1. The Clerk shall open a miscellaneous file into which all of Plaintiff's future filings shall be collected. The presiding judge shall review the filings. Only those complaints that allege a plausible claim for relief will be approved for filing. All other cases will be dismissed without any further judicial action after 30 days from the date the complaint was received by the Clerk, unless the Court orders otherwise. Thus, although the Court will read and consider any future IFP application and complaint that she endeavors to file, it will not necessarily enter an order addressing the application or complaint. If no order is forthcoming, then 30 days after the complaint's receipt, the Clerk shall, without awaiting any further

direction, notify her that the case has been dismissed without prejudice. The Clerk shall not docket any further motions or papers in that case except for a notice of appeal. If a notice of appeal is filed, the Clerk shall forward a copy of this Report and Recommendation, the Order adopting, the notice of appeal, and the dismissed Complaint to the Court of Appeals.

2. To ensure that all of Plaintiff's future pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all of her future complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

3. In any case approved for filing, Plaintiff must post a $1,000 contempt bond with the Clerk of Court. The bond will be held by the Clerk of Court and returned to her at the conclusion of the case, if she conducts her affairs appropriately.

4. She may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

5. These filing restrictions do not apply to any criminal case in which

she is named as a defendant, or to any proper application for a writ

of habeas corpus.

A copy of the Order imposing these restrictions should be forwarded to

each judicial officer in this District.

## III.   CONCLUSION

Nails' motion to proceed IFP is **GRANTED**.  Doc. 2.  The Clerk is

**DIRECTED** to **ADMINISTRATIVELY TERMINATE** her unilaterally

filed Rule 26(f) report.  Doc. 6.  Her Complaint should be **DISMISSED**

for lack of subject-matter jurisdiction, and the Court should impose the

above-described filing restrictions on her future filings.

   **SO ORDERED AND REPORTED AND RECOMMENDED**,

this 9th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA